[No. 18700.  Department One.  January 23, 1925.]

## P. M. COLE et al., Respondents, v. DAVID D. FRIEDMAN et al., Appellants.[1]

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $3,000 for personal injuries, sustained by a woman 58 years of age when struck by an automobile, is not excessive, where she was severely injured, was totally unconscious for five days, suffered for several months and received a severe shock to the nervous system more or less marked at the time of the trial eight months afterwards.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered July 23, 1923, upon findings in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

[1]Reported in 232 Pac. 361.

*Danson, Williams, Danson & Lowe,* for appellants.
*Cannon & McKevitt,* for respondents.

PARKER, J.—The plaintiffs, Cole and wife, seek recovery of damages claimed to have been suffered by them as a marital community from the negligent operation of an automobile owned by and driven in the interest of the defendants, Friedman and wife, as a marital community, causing personal injuries to Mrs. Cole. A trial upon the merits in the superior court for Spokane county, sitting without a jury, resulted in findings and judgment awarding to the plaintiffs recovery in the sum of $320.75 for doctor's, nurse's and hospital services incurred by the plaintiffs, and recovery in the sum of $3,000 for damages for the personal injuries suffered by Mrs. Cole, from which the defendants have appealed to this court.

There is nothing calling for serious consideration upon this appeal other than questions of fact and inferences to be drawn therefrom. Monroe street, in Spokane, runs north and south. It is intersected at right angles by Sharp avenue, running east and west. The accident in question occurred in the vehicle roadway portion of this intersection near the northeast corner thereof. The evidence, we think, warrants the belief, as manifestly entertained by the trial court, that the main controlling facts touching the right of the plaintiffs to recover in this action are in substance as follows: Mrs. Cole was walking from the southwest corner of the intersection diagonally across the roadways of the street and avenue to the northeast corner when she was struck by the defendants' automobile, being driven north on the westerly side of Monroe street, at a point some twelve feet southwesterly from the corner of the sidewalk curb at the northeast corner of the intersection. At the time, the

whole of the intersection was well lighted by electric lights. The driver of the automobile, as it approached the intersection, could, by due attention, plainly see the whole of the surface of the intersection, which was, up to the time the automobile struck Mrs. Cole, entirely free from vehicle traffic. The automobile was being driven twenty miles or more per hour even while in the intersection, and practically up to the moment Mrs. Cole was struck.

Just before starting across the intersection from the southwest corner, Mrs. Cole looked to the condition of traffic towards the south as well as in other directions, and, seeing no vehicle approaching from the south within such distance as she regarded as likely to cross her line of travel before she reached the northeast corner of the intersection, she proceeded. She was evidently struck by some portion of the front of the automobile near its right side, and was thrown some twenty feet or more forward and somewhat to the right, falling near the east sidewalk curb of Monroe street just north of Sharp avenue. There was no sounding of any horn or other warning given of the approach of the automobile. Mrs. Cole did not have any knowledge of the automobile being so near upon her after she had looked at the time she started across the intersection. Mrs. Cole proceeded on a straight line of travel towards the northeast corner of the intersection. An ordinance of the city of Spokane regulating traffic upon its streets with respect to right of way to be accorded to automobiles and pedestrians at different locations, provides in part as follows:

"Pedestrians shall have the right of way at street intersections and crossings; vehicles the right of way between intersections and crossings."

This rule, while not applicable at crossings where traffic is congested, as provided elsewhere in the ordi-

nance, was applicable at this crossing; it plainly being one at which traffic was not then, nor ordinarily at other times, congested. The questions of fact presented are whether or not the defendants' driver was guilty of negligence which became the proximate cause of Mrs. Cole's injuries, and whether or not Mrs. Cole was guilty of such contributory negligence as precludes her right of recovery. We think the evidence does not preponderate against the conclusions of the trial court upon either of these questions and see no reason for disturbing the judgment.

Contention is made that the award of damages is excessive. We are equally convinced that we cannot disturb the judgment upon this ground of contention. Prior to her injury, Mrs. Cole was in comparatively good health. She was then 58 years old. Immediately following her injury, she was totally unconscious for a period of five days. She was confined to a hospital for a period of fifteen days. She was then taken to her home and continued to suffer as the result of her injury for several months. The injury was a severe shock to her nervous system; its effect in that respect continuing in a more or less marked degree up until the time of the trial, which occurred some eight months after the accident. We cannot say that $3,000 is an excessive award.

The judgment is affirmed.

TOLMAN, C. J., MAIN, and BRIDGES, JJ., concur.